IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| SALIFU JATTA,<br><br>        Plaintiff,<br><br>vs.<br><br>MERRICK GARLAND, *et al.*,<br><br>        Defendants. | CASE NO. 3:22-CV-00114<br><br>DISTRICT JUDGE JAMES R. KNEPP, II<br><br>MAGISTRATE JUDGE AMANDA M. KNAPP<br><br>**REPORT & RECOMMENDATION** |

Petitioner Salifu Jatta ("Petitioner" or "Mr. Jatta") a citizen of Gambia filed a 28 U.S.C. § 2241 petition for release from immigration detention on January 21, 2022. (ECF Doc. 1 ("Petition").) This matter has been referred to the undersigned Magistrate Judge for a Report and Recommendation pursuant to Local Rule 72.2.

For the reasons set forth below, the undersigned recommends that the Court DISMISS the Petition as moot.

## I.     Procedural History

In his Petition, Mr. Jatta sought release from immigration detention on supervision while his deportation was pending. (ECF Doc. 1.) Respondents filed a Return of Writ on March 21, 2022, asserting "Petitioner [was] properly detained under 8 U.S.C. § 1231(a)(6), and he [was] likely to be removed in the reasonably foreseeable future." (ECF Doc. 3 p. 1.) Mr. Jatta filed his Traverse on April 5, 2022. (ECF Doc. 4.) Respondents subsequently filed a Suggestion of Mootness on April 7, 2022, asserting that the Petition was moot because Petitioner had been released from detention pending removal from the United States. (ECF Doc. 5.) The Court

1

requested further authenticated evidence verifying Mr. Jatta's release pending removal from the United States. (ECF Doc. 7.) Respondents have submitted the Declaration of David Moore, Deportation Officer with the United States Department of Homeland Security, Immigration and Customs Enforcement, verifying that: (1) Mr. Jatta was released from the Seneca County Jail in Tiffin, Ohio on April 4, 2022; (2) Mr. Jatta was served with an Order of Supervision; and (3) Mr. Jatta reported to the Boston field office as required by the Order of Supervision on April 11, 2022. (ECF Doc. 8-1.) Mr. Jatta did not file a response to Respondents' Suggestion of Mootness.

## II.     Recommendation

As reflected in Mr. Moore's April 28, 2022 Declaration, Mr. Jatta has attained his requested relief, which was to be released from immigration detention on supervision pending his deportation. (ECF Doc. 1 p. 7; ECF Doc. 1-2 p. 9.)

In light of Mr. Jatta's release and his lack of response to the suggestion of mootness or contention that he will suffer collateral consequences that could be redressed by granting his Petition, the undersigned recommends that the Court DISMISS his Petition as moot. *See e.g.*, *Mbaye v. Price*, No. 2:11-CV-1015, 2012 WL 4364256 (S.D. Ohio Sept. 24, 2012) (dismissing petitioner's § 2241 petition where petitioner was released from detention under an order of supervision); *Garrido-Maurin v. ICE/DHS*, No. 4:17CV2515, 2018 WL 3853706, at *3 (N.D. Ohio July 26, 2018) ("Because Garrido-Maurin is no longer in the custody of the U.S. government, and has not alleged any continuing injury, there is no live case or controversy, his Petition is moot, and this Court lacks subject-matter jurisdiction over the instant matter.") *report and recommendation adopted*, No. 4:17-CV-2515, 2018 WL 3842780 (N.D. Ohio Aug. 13, 2018); *Khan v. Attorney Gen. of the United States*, No. 1:15 CV 2014, 2016 WL 4004616, at *2

(N.D. Ohio May 17, 2016) ("As Petitioner has received his requested relief by being released from custody on an order of supervision, there is no longer an active case or controversy.) *report and recommendation adopted sub nom. Khan v. Att'y Gen. of the United States*, No. 1:15 CV 2014, 2016 WL 4009885 (N.D. Ohio July 25, 2016); *Enazeh v. Davis*, 107 F. App'x 489, 491 (6th Cir. 2004) ("Mootness results when events occur during the pendency of a litigation which render the court unable to grant the requested relief.") (quoting *Carras v. Williams*, 807 F.2d 1286, 1289 (6th Cir.1986); *Chibinda v. Att'y Gen.*, No. 1:18-CV-780, 2019 WL 12346965, at *2 (S.D. Ohio Nov. 7, 2019) ("Simply stated, a case is moot when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome.") (quoting *Los Angeles Cty. v. Davis*, 440 U.S. 625, 631 (1979); *Beiruti v. Clawson*, No. 1:08-CV-443, 2009 WL 311077, at *2 (W.D. Mich. Feb. 6, 2009) (finding petitioner's § 2241 petition moot where he was released from federal custody, explaining that "[a] habeas petition will become moot once the prisoner is released from custody unless the petitioner can show some sufficient collateral consequence of the underlying proceeding") (quoting *Leitao v. Reno,* 311 F.3d 453, 455–56 (1st Cir.2002)).

May 4, 2022

                                                                  /s/ Amanda M. Knapp
                                                                AMANDA M. KNAPP
                                                                UNITED STATES MAGISTRATE JUDGE

## **OBJECTIONS**

      Any objections to this Report and Recommendation must be filed with the Clerk of Courts within fourteen (14) days after being served with a copy of this document. Failure to file objections within the specified time may forfeit the right to appeal the District Court's order. *See Berkshire v. Dahl*, 928 F.3d 520, 530 (6th Cir. 2019); *see also Thomas v. Arn*, 474 U.S. 140 (1985).